UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER WILSON,

    Plaintiff,                                        Civil Action No. 21-CV-10611

vs.                                             HON. BERNARD A. FRIEDMAN

LEVEL ONE HVAC SERVICES, INC.,

    Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment (ECF No. 4). Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This is a family/medical leave case. Plaintiff, who worked for defendant full-time as an office administrator, alleges that in 2020 she was laid off and not permitted to return to work after taking maternity leave. Plaintiff alleges that when she attempted to return to work, defendant told her it had no work for her, but that shortly thereafter she noticed that defendant had posted her job and was seeking applicants. Plaintiff asserts claims under the Family Medical Leave Act ("FMLA") and the Elliott-Larsen Civil Rights Act ("ELCRA").

In lieu of answering the complaint, defendant has filed a motion for summary judgment, in which it argues that "Defendant did not employ 50 or more persons in 2019 or 2020, therefore, FMLA is not applicable." Def.'s Summ. J. Mot. ¶ 4. Defendant seeks summary judgment as to plaintiff's FMLA claims on this basis and the dismissal of the ELCRA claims for lack of

jurisdiction.

Defendant supports its motion with payroll records for certain weeks in 2019 and 2020, which appear to indicate that defendant had between six (*see, e.g.,* PageID.79) and forty (*see, e.g.,* PageID.43) people on its payroll. Defendant also submits two affidavits from one of its part-owners, Christine Stanley, who avers that defendant "did not employ or use the services of 50 or more workers during the year 2019 to the present" (PageID.83) and that the payroll records accurately "show the number of persons paid" by defendant (PageID.85). Defendant concludes that "[s]ince the evidence establishes that Level One HVAC employed less than 50 persons the motion must be granted." Def.'s Summ. J. Br. at 4. Attached to a supplemental brief, defendant also submits copies of its 2019 and 2020 W-3 statements, which indicate that defendant issued forty-five and forty-one W-2's in those years, respectively. *See* PageID.92-93.

In response, plaintiff concedes that the FMLA applies only to employers who employ at least fifty workers.[1] However, plaintiff opposes the motion on the grounds that it "does not rely on record evidence as there is no record evidence to date, and the select documents Defendant has opted to produce cannot properly be considered as evidentiary support at this stage of the case."

---

[1] The FMLA states:

> The term "eligible employee" does not include–
>
> \* \* \*
>
> (ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C.A. § 2611(2)(B).

2

Pl.'s Resp. at 2-3. Plaintiff argues that she should be permitted to conduct discovery to verify the number of employees defendant employed. As part of this inquiry, plaintiff wishes to delve into the relationship between defendant and three other companies whose registered agents are also defendant's officers. *See* Pl.'s Ex. 2. Plaintiff notes that under Department of Labor regulations, the number of employees for FMLA purposes can include those employed by related entities.[2] Therefore, even if defendant has forty employees, it may nonetheless be subject to the FMLA if the "integrated employer test" applies and the total number of employees employed by all related entities exceeds fifty. In reply, defendant provides additional evidence concerning its relationship with the three other identified companies and the number of employees they employ, and argues that the integrated employer test does not apply.

        Defendant's motion is premature. As the Sixth Circuit has explained,

---

[2] The regulations defining "covered employer" state:

> Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the integrated employer test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>
> (i) Common management;
> (ii) Interrelation between operations;
> (iii) Centralized control of labor relations; and
> (iv) Degree of common ownership/financial control.

29 C.F.R. § 825.104(c)(2).

Although Rule 56(b) allows a party to file for summary judgment "at any time," Fed. R Civ. P. 56(b), "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance*, 90 F.3d at 1148 (citing *White's Landing*, 29 F.3d at 231–32); *see Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) ("It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."); *White's Landing*, 29 F.3d at 231 ("Yet we nevertheless conclude that summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery.... In the instant case, we find that the grant of summary judgment, absent *any* opportunity for discovery, is such a misuse."), *accord Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). However, the non-movant bears the obligation to inform the district court of its need for discovery. Ordinarily, this is accomplished by moving for additional discovery or by filing an affidavit pursuant to Federal Rule of Civil Procedure 56(d), which provides:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

We have observed that filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, "this court will not normally address whether there was adequate time for discovery." *Plott*, 71 F.3d at 1196. But we have also observed that although Rule 56 "provides courts with a useful method by which meritless cases may be discharged.... the benefits of this rule are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness." *White's Landing*, 29 F.3d at 231. Indeed, "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 Fed.Appx. 495, 504 (6th Cir. 2015)).

4

*Moore v. Shelby Cnty., Ky.*, 718 F. App'x 315, 319 (6th Cir. 2017).

In the present case, plaintiff has had no opportunity to conduct discovery, as defendant filed the instant motion in lieu of an answer. Plaintiff is entitled to an adequate opportunity to conduct discovery. She is not required to defend a summary judgment motion with no evidence at her disposal other than the affidavits and redacted documents defendant has elected to attach to its briefs. While plaintiff has not submitted a Rule 56(d) affidavit explaining her need for discovery, the need is sufficiently apparent from her response brief. Plaintiff must be allowed to inquire fully into whether defendant employed "50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year," 29 C.F.R. § 825.104(a), and whether the integrated employer test set forth in § 825.104(c)(2) applies. The Court shall therefore deny the instant motion without prejudice to defendant's right to seek summary judgment at the appropriate time, namely, at the conclusion of discovery.

Both sides' requests for sanctions are denied. The Court admonishes counsel for both parties to refresh their memories regarding the Court's civility principles. *See* Administrative Order 08-AO-009 (available on the Court's website under the Attorneys tab). Among other things, these principles require counsel to treat one another with civility and courtesy and to abstain from "disparaging personal remarks." Both counsel have violated these rules of common sense and common courtesy. Plaintiff's counsel accuses defense counsel of "dishonesty and a lack of candor and cooperation," *see* Pl.'s Br. at 2, while defense counsel's emails to plaintiff's counsel contain statements such as "Oh stop with the attitude"; "Its [sic] incredible that you would think we would manipulate the records and staff in such a way, but then again I am learning to expect the incredible from your office"; and "I am done playing this game with you." PageID.123, 124, 129.

Comments of this nature are unprofessional, do not advance the clients' interests or the resolution of the dispute, and are an embarrassment to the Court and to the profession. The Court will take the appropriate action against any attorney who persists with such juvenile name-calling and offensive lack of professionalism. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

                                                s/Bernard A. Friedman
                                                BERNARD A. FRIEDMAN
Dated: July 20, 2021                    SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan