UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER WILSON,

        Plaintiff,                            Civil Action No. 21-CV-10611

vs.                                  HON. BERNARD A. FRIEDMAN

LEVEL ONE HVAC SERVICES, INC.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AS TO COUNTS I AND II AND
DISMISSING WITHOUT PREJUDICE COUNTS III AND IV**

        This matter is presently before the Court on defendant's motion for summary judgment. (ECF No. 18). Plaintiff has responded (ECF No. 19) and defendant has replied (ECF No. 20). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant the motion for summary judgment as to Counts I and II[1] and dismiss Counts III and IV without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

        As the Court previously summarized:

> This is a family/medical leave case. Plaintiff, who worked for defendant [Level One HVAC Services, Inc. ("Level One")] full-time as an office administrator, alleges that in 2020 she was laid off and not permitted to return to work after taking maternity leave. Plaintiff alleges that when she attempted to return to work, defendant told her it had no work for her, but that shortly thereafter she noticed that defendant had posted her job and was seeking applicants.

_____

[1] Defendant also requests that the Court sanction or tax costs against plaintiff pursuant to E.D. Mich. LR 7.1(a)(3) for refusing to concur with the instant motion. (ECF No. 18, PageID.213). Based on the parties' briefs, the Court concludes that plaintiff acted reasonably in rejecting defendant's request for concurrence. Therefore, this aspect of defendant's motion is denied.

*Wilson v. Level One HVAC Servs., Inc.*, No. 21-CV-10611, 2021 WL 3079931, at *1 (E.D. Mich. July 20, 2021) (ECF No. 10).  The complaint contains four claims:  (1) interference in violation of the Family Medical Leave Act ("FMLA"); (2) retaliation in violation of the FMLA; (3) familial status discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); and (4) pregnancy discrimination in violation of the ELCRA.  (ECF No. 1, PageID.6-11).

On May 14, 2021, before the parties had engaged in discovery, defendant filed a motion for summary judgment stating that it "did not employ 50 or more persons in 2019 or 2020, therefore, [the] FMLA is not applicable." *Wilson*, 2021 WL 3079931, at *1.  Defendant argued that the Court should grant summary judgment as to the FMLA claims and it should dismiss the ELCRA claims for lack of jurisdiction. *See id.*  In response, plaintiff conceded that the FMLA applies only to employers who employ at least fifty workers, but argued that "she should be permitted to conduct discovery to verify the number of employees defendant employed.  As part of this inquiry, plaintiff wishe[d] to delve into the relationship between defendant and three other companies whose registered agents are also defendant's officers." *Id*.  On July 20, 2021, the Court denied defendant's initial motion for summary judgment without prejudice, explaining that the motion was premature and stating that defendant could renew the motion at the conclusion of discovery. *See id*. at *2.  That renewed motion for summary judgment is presently before the Court.

## I.    *Defendant's Motion for Summary Judgment as to Plaintiff's Family Medical Leave Act Claims (Counts I and II)*

In deciding a motion for summary judgment, the Court

must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs*., 974 F.3d 652, 660 (6th Cir. 2020).  "This includes drawing 'all justifiable inferences' in the nonmoving party's favor." *George*, 966 F.3d at 458 (quoting *Anderson v. Liberty*

2

> *Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202
> (1986)).  "[T]he judge's function is not himself to weigh the evidence
> and determine the truth of the matter but to determine whether there
> is a genuine issue for trial." *Jackson-VHS*, 814 F.3d at 775 (quoting
> *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505).

*Strickland v. City of Detroit*, 995 F.3d 495, 503 (6th Cir. 2021).

As relevant to this case, the FMLA entitles eligible employees to "a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A). Entitlement to leave begins on the date of the child's birth. *See* § 2612(a)(2). The act defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." Section 2611(4)(A)(i). Pursuant to 29 C.F.R. § 825.104(c)(2):

> Separate entities will be deemed to be parts of a single employer for
> purposes of FMLA if they meet the integrated employer test. Where
> this test is met, the employees of all entities making up the integrated
> employer will be counted in determining employer coverage and
> employee eligibility. A determination of whether or not separate
> entities are an integrated employer is not determined by the
> application of any single criterion, but rather the entire relationship
> is to be reviewed in its totality. Factors considered in determining
> whether two or more entities are an integrated employer include:
>
> (i) Common management;
>
> (ii) Interrelation between operations;
>
> (iii) Centralized control of labor relations; and
>
> (iv) Degree of common ownership/financial control.
>
> In the instant motion, defendant contends that it "employs less than 50 persons and

3

does not have a maternity leave policy," which is why "[p]laintiff was allowed medical leave for the birth of her child." (ECF No. 18, PageID.201, 207). Defendant adds that it has provided plaintiff with monthly payroll records for 2019 and 2020,[2] a vendor list showing that only one person was paid for vendor services, and Form 941 Employee Quarterly Tax Returns from 2019 and 2020. (*Id.*, PageID.209). Plaintiff also deposed defendant's two owners, Scott and Christine Stanley. (*Id.*). Nonetheless, defendant contends, "[n]o evidence has developed to show that Level One employed 50 or more persons," nor has any "evidence . . . developed to argue that any other company is integrated with Level One." (*Id.*). Rather, defendant asserts, the evidence demonstrates that between 2019 and 2020, it employed a maximum of forty-one to forty-two people,[3] which is below the FMLA's numerosity requirement. (*Id.*, PageID.210).

Defendant further argues that three non-party companies – (1) Refrigerant Services, LLC, (2) Criscott Properties, LLC, and (3) Industrial Commercial Stripping, LLC ("ICS") – may not be considered in determining the total number of employees defendant employs pursuant to the integrated employer test. (*Id.*, PageID.211). Defendant contends that the first two companies, both of which are owned by the Stanleys, employ no independent employees.[4] (*Id.*, PageID.212). Defendant further argues that the third company, ICS, is "a parking lot stripping business that operates crews seasonally," and is "unrelated to the heating and cooling business of Level One

---

[2] Defendant notes that monthly payroll records for "January – April 2019 are unavailable due to their age, thus a summary [was] provided." (ECF No. 18, PageID.209).

[3] Defendant states that it employed a maximum of forty-one people during this time period, but "if the court were to include an independent contractor as an employee, the number would . . . increase by 1." (ECF No. 18, PageID.210).

[4] Defendant adds that "two persons service" the Refrigerant Services account, but both are included in defendant's employee count, as "Refrigerant Services is a division of Level One." (ECF No. 18, PageID.212).

HVAC." (*Id.*).  Defendant states that ICS employs "two year-round, but not full-time, employees and 12 to 15 seasonal employees." (*Id.*).  Defendant adds that the only thing the two companies have in common is that Scott Stanley is a part owner of both entities.[5] (*Id.*, PageID.212-13). Because "common ownership is not enough to conclude [that ICS and Level One] are integrated into one company for purposes of [the] FMLA," defendant contends that plaintiff lacks any evidence that it meets the FMLA numerosity requirement.  (*Id.*).

In response, plaintiff argues that the two companies (1) share common ownership; (2) share a common business location, bathroom, parking lot, storage space, and Hi-Lo forklift; (3) Christine Stanley has prepared taxes for ICS as part of her husband's interest in the company; and (4) ICS manager Angie Ficaro has access to and cleans the common areas within Level One's facilities.  (ECF No. 19, PageID.416-17) (citing ECF No 18-7 (Scott Dep.), PageID.328-40); ECF No. 18-8 (Christine Dep.), PageID.374-82)).  Based on this evidence, plaintiff contends that "[i]n addition to common ownership, Level One and ICS clearly have the interrelated operations, common management, common financial control, and centralized location and labor force contemplated by the integrated employer test." (*Id.*, PageID.418).

The Court concludes that plaintiff has failed to demonstrate that Level One and ICS are integrated entities.  The Sixth Circuit has stated:

> Under the "single employer" or "integrated enterprise" doctrine, two companies may be considered so interrelated that they constitute a single employer . . . .  In determining whether to treat two entities as a single employer, courts examine the following four factors:  (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common

---

[5] Scott Stanley co-owns Level One with his wife, Christine, and owns one-third of ICS along with John Bridges and Brandon Astley.  (ECF No. 18, PageID.212-13).

> management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control.
>
> None of these factors is conclusive, and all four need not be met in every case. Nevertheless, control over labor relations is a central concern.

*Swallos v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993-94 (6th Cir. 1998) (applying the integrated enterprise doctrine under the Age Discrimination in Employment Act and American with Disabilities Act) (citations omitted).  *See also Grace v. USCAR*, 521 F.3d 655, 664 (6th Cir. 2008) (applying the same test under the FMLA pursuant to 29 C.F.R. § 825.104(c)(2)).  The Sixth Circuit has further explained that

> the[se] factors seek to illuminate whether two putatively distinct businesses should be viewed as one corporate entity. "Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility."  29 C.F.R. § 825.104(c)(2).  Thus, the integrated employer test is a mechanism to ensure that the appropriate employees are aggregated for the numerosity test of the FMLA.  As the First Circuit describes, the test appreciates that small businesses—i.e. those with less than 50 employees—are not subject to the FMLA's "onerous requirement of keeping an unproductive employee on the payroll," while simultaneously preventing companies from structuring their business to avoid labor laws.

*Id*. (quoting *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 6 (1st Cir. 2006)).

Here, viewing the evidence in the light most favorable to plaintiff, it appears that ICS and Level One share (1) one part-owner; (2) the same registered business address; (3) certain common areas (i.e., parking lot, bathroom, and storage); and (4) ties to both Christine Stanley and Angie Ficaro.  The former is part-owner of Level One and tax preparer for ICS, and the latter is the manager for ICS and provides cleaning services for Level One.  Some of these factors could be indicative of an integrated enterprise.  For example, in *Demyanovich v. Cadon Plating & Coatings,*

*L.L.C.*, 747 F.3d 419, 428 (6th Cir. 2014), the Sixth Circuit concluded that two companies were integrated for FMLA purposes, noting that the companies shared the same registered address. However, the two companies in *Demyanovich* were also engaged in the same industry, did business with one another, retained somewhat centralized labor practices, and were owned by the same set of investors. *See id.* 428-29. None of these factors is present here.

Although ICS and Level One share common ownership and a registered business address, plaintiff has failed to demonstrate (1) common management, (2) interrelation between operations, or (3) centralized control of labor relations – three of the four factors that guide the integrated enterprise test. The evidence presented shows that the companies do not share employees, records, finances, office space, or a common industry of operation. Moreover, there is no evidence that either company could hire, fire, or otherwise control the other's employees, or that the companies' "employment relations, as a whole, are interrelated, as the regulations contemplate." *Grace*, 521 F.3d at 665. For these reasons, the Court concludes that ICS and Level One are not integrated employers under the FMLA. *See id.* at 664-65 (rejecting plaintiff's integrated employer argument due to the companies' distinct record keeping, management, industries of operation, and personnel policies). There is also no evidence that Level One had fifty or more employees during the statutorily relevant period. Accordingly, because defendant does not qualify as a "covered employer" within the meaning of the FMLA, there is no genuine issue for trial and defendant is entitled to summary judgment on Counts I and II of the complaint.

## II.   *Dismissal of Plaintiff's Elliott-Larsen Civil Rights Act Claims (Counts III and IV)*

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims

over which it has original jurisdiction." "[T]here is no categorical rule that the pretrial dismissal of a federal claim bars a court from deciding remaining state law claims." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). However, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 1254-55. "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In the present case, the Court concludes that the balance of considerations favors dismissal. While this action has been ongoing for just over one year, "the parties [have] not exerted substantial time or effort in briefing the merits of the state law causes of action." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 585 (6th Cir. 2011). Further, plaintiff has failed to demonstrate any "overwhelming interests in judicial economy" that warrant the Court's continued exercise of supplemental jurisdiction over her state claims, *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991), "nor any undue amount of wasted or duplicative effort that will result from having to re-file . . . in state court." *DePiero v. City of Macedonia*, 180 F.3d 770, 790 (6th Cir. 1999) (internal quotation marks omitted). For these reasons, the Court shall dismiss Counts III and IV pursuant to § 1367(c)(3).

### III.    Conclusion

Accordingly,

8

IT IS ORDERED that defendant's motion for summary judgment is granted as to Counts I and II.


IT IS FURTHER ORDERED that Counts III and IV are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).


<div style="margin-left:40%">

s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
</div>

Dated:  April 29, 2022
      Detroit, Michigan